UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
**RAMON MARIA AQUINO,**

                        **Plaintiff,**

        **-against-**

**COMMISSIONER OF SOCIAL SECURITY,**

                        **Defendant.**
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/26/2022

21-CV-10125 (LGS)(SN)

**SCHEDULING ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

      On November 29, 2021, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking review of a denial of social security disability benefits. On January 25, 2022, the Honorable Lorna G. Schofield referred this case to my docket for a report and recommendation. The parties should follow the schedule set forth in the Standing Order at ECF No. 5. Requests for extensions of the deadlines set by this scheduling order may be granted by the Court, but only if they are made in advance of the deadline, and there is good reason provided for the request. Such requests shall be submitted in accordance with the Individual Practices of Judge Netburn, available at http://nysd.uscourts.gov/judge/Netburn.

      The memorandum of law of each side shall contain a summary of those parts of the administrative record that each side contends should be considered for purposes of review of the agency's decision. Each statement in a party's summary of the record shall be followed by a citation to the appropriate page of the record. If Defendant believes that any of the statements in Plaintiff's summary of the record are inaccurate in any respect, Defendant's brief shall include a footnote or section that lists each such statement and explains why each such statement is inaccurate. If Plaintiff believes that any of the statements in Defendant's summary of the record

are inaccurate in any respect, Plaintiff's responsive brief shall include a footnote or section that lists each such statement and explains why each such statement is inaccurate.

Any stipulation entered between the parties including, but not limited to, a remand to the Commissioner of Social Security for further proceedings, must be approved by the district judge, unless the parties consent to my jurisdiction over the case for all purposes. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, a United States magistrate judge is available to conduct all proceedings in this case, including but not limited to any decisions on motions and the entry of a final judgment. An appeal from a judgment entered by a magistrate judge, if any, is taken directly to the United States Court of Appeals in the same manner as an appeal from a judgment entered by a district judge.

The parties shall advise the Court as to whether they jointly consent to decision of this action by this United States magistrate judge. If both parties consent, they should complete the counterparts of the Consent to Proceed Before a United States Magistrate Judge available on the Court's website at http://nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge and submit them to my chambers. If either or both parties do not consent, the assigned Assistant United States Attorney shall act as a liaison and report to chambers that the parties do not consent, without indicating any particular party's consent or non-consent. (In other words, the Court does not want to know that party A consents and party B does not.) This Order is not meant to interfere in any way with the parties' absolute right to decision by a United States district judge but is merely an attempt at preserving scarce judicial resources and a reminder of the parties' options under 28 U.S.C. § 636(c).

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   January 26, 2022
         New York, New York